(96 South. 823)

No. 25877.

**PARSONS v. COXE.**

(April 30, 1923. Rehearing Denied June 4, 1923.)

*(Syllabus by Editorial Staff.)*

1. Execution ⬩194(3)—Evidence held insufficient to establish claimant's title to property levied on.

On application for injunction against sale of property, under writ of fieri facias against the corporate claimant's president, evidence *held* insufficient to establish claimant's ownership of the property.

2. Execution ⬩194(3)—Insurance policy held not binding on plaintiff on question of ownership of property levied on.

On application by corporation for injunction against sale, under writ of fieri facias against its president, of contents of building at 852 S. street, insurance policy taken out in claimant's name and purporting to cover furniture in different building, with rider attached after the seizure stating correct location was 852 S. street, was neither muniment of title, nor corroborative of title, and not binding on the judgment creditor.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by Edward A. Parsons against B. F. Coxe, in which the Majestic Hotel Company, Incorporated, intervened and sought to enjoin sale of property under writ of fieri facias. From a judgment dissolving the injunction, and dismissing the intervener's suit, it appeals. Affirmed.

Paul W. Maloney, of New Orleans, for appellant.

Woodville & Woodville, of New Orleans, for appellee.

ROGERS, J. Plaintiff, as owner, leased to defendant and another, as tenants, certain real estate situated on Baronne street, in the city of New Orleans. The lessees having defaulted in the payment of one of their rent notes, the lessor instituted suit and obtained judgment in solido against them for the amount of the outstanding notes matured by said default.

In due course, plaintiff caused a writ of fieri facias to issue and ordered the sheriff to seize, as the property of the defendant Coxe, the contents of the premises No. 850 St. Charles street, in said city of New Orleans. Whereupon the Majestic Hotel Company, Incorporated, by Coxe as its president, made affidavit before the sheriff that it was the owner of the effects seized, and the plaintiff in execution instructed the sheriff to release the seizure. Then remember-

ing that at the time negotiations were pending for the lease of the property on Baronne street, defendant Coxe had stated that he was the owner of the contents of the premises No. 852 St. Charles street, in said city of New Orleans, plaintiff employed a detective agency to ascertain whether that statement was correct or not. Two operatives of this agency, under the pretense of seeking to purchase a rooming house business for the purpose of engaging therein, called on said Coxe, who informed them that he was the owner of the business at No. 852 St. Charles street, and the contents thereof, and gave them a written option to purchase said property signing the document in his individual name and capacity. Upon receiving this information, plaintiff, under the writ of fieri facias, instructed the sheriff to seize the contents of the premises No. 852 St. Charles street.

Thereupon the Majestic Hotel Company, Incorporated, by said Coxe as president, made an affidavit before the sheriff that it was also the owner of the seized property. Upon the filing of this affidavit, the sheriff demanded an indemnity bond of the plaintiff, which was furnished, and the affiant, the said Majestic Hotel Company, Incorporated, applied for and obtained a writ of injunction herein, alleging and claiming that it was the owner of the property seized under the writ.

The lower court, after hearing, dissolved the injunction and dismissed the suit of the Majestic Hotel Company, Incorporated, reserving to defendant in injunction the right to sue for such damages as were caused to him by the issuance of said writ. From this judgment plaintiff in injunction has appealed.

[1, 2] In order to prove its ownership of the property seized, plaintiff in injunction offered in evidence a dation en paiement from defendant Coxe to his wife Sarah of the contents of the premises No. 850 St. Charles street, and undertook to offer a piece of paper which he claimed contained the minutes of the corporation showing that it had acquired said property from Mrs. Coxe for stock in the company, and an insurance policy issued in the name of the Majestic Hotel Company, Incorporated.

There is nothing in the record, however, which absolutely identifies the contents of No. 852 St. Charles street with the property that was acquired in the premises No. 850 St. Charles street. The testimony of the defendant Coxe, who, it appears, is also the president of the Majestic Hotel Company, Incorporated, is thoroughly unsatisfactory on the point; and Mrs. Coxe, the vendor, was not called or placed on the stand to establish the verity of the transaction and to show that the property which she sold was the property she claimed by dation en paiement in the premises No. 850 St. Charles street, and was removed, after the sale, to the premises No. 852 St. Charles street. The policy of insurance offered in evidence is without probative value, and means nothing. It was originally taken out in the name of the Majestic Hotel Company, Incorporated, on February 11, 1921, to cover furniture in the house No. 850 St. Charles street. On January 16, 1923, some time after this seizure was made and this litigation was going on, a rider, at whose instance it does not appear, was attached to the policy to the effect that the correct location of the property insured is 852 St. Charles street. It is neither a muniment title, nor corroborative evidence of title, and is not binding upon the defendant in injunction.

As against this evidence, on the other hand, defendant in injunction testified that defendant Coxe had declared to him, at the time the lease of the Baronne street property was negotiated and executed, that he owned the contents of No. 852 St. Charles street. This testimony is corroborated and supported by that of the two witnesses who

called upon said Coxe in reference to the purchase of the business and by the written option to purchase given and signed by Coxe individually. The explanation of plaintiff in injunction of the circumstances surrounding the execution of this document is entirely inadequate and unconvincing.

Plaintiff in injunction carried the burden of proving its ownership of the property seized. This burden it has failed to discharge, and we see no error in the judgment appealed from. Judgment affirmed.

O'NIELL, C. J., absent during the argument.